UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

UNITED STATES OF AMERICA

-v-

WAKIMI JOSEPH,
                              Defendant.

―――――――――――――――――――――――――――――

20-CR-418 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Defendant Wakimi Joseph is charged in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Joseph moves to suppress the firearm recovered by law enforcement officers, arguing that it was recovered as a result of an illegal search and seizure in violation of the Fourth Amendment to the United States Constitution. The parties have briefed the motion (*see* Dkt. Nos. 13–18), and the Court heard oral argument on January 22, 2021.

**I.     Background**

The factual background is drawn from the criminal complaint in this case, which was sworn by Officer Gary Haber before Magistrate Judge Barbara Moses. (*See* Dkt. No. 1.)

On or about July 21, 2020, at approximately 10:02 p.m., officers of the New York Police Department arrested Joseph in the Bronx.

Approximately two weeks before that arrest, Sergeant-1 and Lieutenant-1, among other NYPD officers, had received a notification, with a photograph of Joseph, stating that Joseph had recently been released on parole. Upon reviewing the notification, Sergeant-1 contacted Joseph's parole officer, who advised him that Joseph's parole conditions included an 8:00 p.m. curfew and a prohibition on the consumption of alcohol.

On July 21, 2020, at around 10:00 p.m., Sergeant-1, Lieutenant-1, and another officer were traveling in an NYPD vehicle southbound on Findlay Avenue toward East 165th Street in the Bronx. They observed an individual they recognized to be Joseph in the front passenger seat of a silver SUV that was double-parked on the west side of Findlay Street. The front passenger window of the SUV was down. They recognized that Joseph was out after his curfew. They parked parallel to the SUV. As the officers began to exit their vehicle, they observed that Joseph appeared to remove something from his waist with his right hand and push it down toward the floor of the SUV. Sergeant-1 approached the SUV and instructed Joseph to stop reaching, but Joseph continued reaching toward the floor of the SUV. Lieutenant-1 then approached the front passenger window of the SUV, reached through the window, and grabbed Joseph's arms to prevent him from continuing to reach.

Sergeant-1 and Lieutenant-1 removed Joseph from the SUV and placed him in handcuffs. Lieutenant-1 then observed the floor of the SUV's front passenger seat but did not see anything. He noticed, however, that Joseph appeared to be slouching toward his right side. Lieutenant-1 then instructed Sergeant-1 to check Joseph's right side, and Sergeant-1 observed the grip of a firearm sticking out of Joseph's right shoe. Lieutenant-1 removed the firearm from Joseph's shoe, and the officers placed Joseph under arrest.

**II.     Discussion**

Joseph initially argues that the firearm should be suppressed because the arresting officers lacked an objectively reasonable belief that he was armed and presently dangerous so as to justify a *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1 (1968). While an arrest must generally be supported by probable cause, "an officer may conduct a brief investigatory detention" —

also referred to as a "*Terry* stop" — "as long as the officer has reasonable suspicion that the person to be detained is committing or has committed a criminal offense." *United States v. Compton*, 830 F.3d 55, 61 (2d Cir. 2016) (internal quotation marks omitted).

The Government, however, contends that the officers were effectuating a lawful arrest — and that the firearm was seized during a search incident to that arrest. When an officer has probable cause to believe that a crime has been or is being committed, the offender may be arrested without a warrant. *See, e.g., United States v. Robinson*, 414 U.S. 218, 224 (1973). And a search incident to a lawful arrest has long been held to be permissible without a search warrant. *See id.* at 230-34.

The question, then, is whether the officers had probable cause to arrest Joseph. Based on the facts set forth in the sworn criminal complaint and the Second Circuit's decision in *United States v. Bernacet*, 724 F.3d 269 (2d Cir. 2013), the Court can only conclude that they did. In *Bernacet*, the Second Circuit considered and rejected the same argument that Joseph makes here: that a parole violation of a curfew requirement cannot justify an arrest for Fourth Amendment purposes, particularly given that New York law does not authorize warrantless arrests for parole violations. As the court explained, the Fourth Amendment permits arrests for minor criminal offenses, and "'an arrest based on probable cause but prohibited by state law' is constitutional." *Id.* at 276 (quoting *Virginia v. Moore*, 553 U.S. 164, 166 (2008). The court in *Bernacet* concluded: "While violating a curfew imposed as a condition of parole is not the gravest of offenses, it is no less reasonable a ground for detention." *Id.* at 279.

This Court is bound by *Bernacet* to hold that Joseph's arrest was lawful under the Fourth Amendment. Indeed, the probable cause is stronger in this case than in *Bernacet* in one respect: there, the officers merely presumed that the defendant was subject to a curfew based on his status

as a parolee, while here (according to the complaint) one of the officers had specifically confirmed with Joseph's parole officer that he was subject to a curfew. And based on their observation of Joseph at 10:00 p.m., the officers immediately knew Joseph was in violation of his curfew (whether that curfew was 8:00 p.m., as the complaint avers, or 9:00 p.m., as Joseph alleges).

Finally, Joseph argues that an evidentiary hearing is necessary to resolve factual issues such as whether the officers in fact knew that the individual they were searching was Joseph and whether they actually intended to arrest him for a curfew violation. An evidentiary hearing on a suppression motion is required only if "the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992). These facts, however, are established by the sworn criminal complaint, and there is nothing in Joseph's declaration that disputes them. Mere conjecture that the sworn complaint might be false is not enough to warrant a hearing. The Court concludes, therefore, that there is no basis for an evidentiary hearing.

### III.  Conclusion

For the foregoing reasons, Defendant's motion to suppress and request for an evidentiary hearing are denied.

The Clerk of Court is directed to close the motions at Docket Numbers 12 and 13.

SO ORDERED.

Dated: February 22, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge